DJW/1

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

**NORMAN RICHARDSON,**

    **Plaintiff,**

**v.**

**CIVIL ACTION**

**No: 11-2099-JAR/DJW**

**KANSAS CITY AREA TRANSPORTATION AUTHORITY, et al.,**

    **Defendants.**

## MEMORANDUM AND ORDER

Pending before the Court is Plaintiff's Motion for Appointment of Counsel (ECF No. 14). For the reasons set forth below, the Court grants the motion.

Plaintiff is proceeding *in forma pauperis*. Plaintiff asserts civil right claims for deprivation of due process. He also asserts state law diversity claims for personal injuries he alleges he suffered as a result of riding on a bus operated by Defendant Kansas City Area Transportation Authority.

Unlike in a criminal case, a party has no constitutional right to appointment of counsel in a civil case.[1] The court may, however, in its discretion, appoint counsel in a civil action to represent a person proceeding *in forma pauperis*.[2] The appointment of counsel under 28 U.S.C. § 1915(e) is a matter within the sound discretion of the district court.[3] In determining whether to appoint counsel, the district court should give careful consideration to all the circumstances, including whether the

---

[1] *Durre v. Dempsey*, 869 F.2d 543, 547 (10th Cir. 1989).

[2] *See* 28 U.S.C. § 1915(e) ("[t]he court may request an attorney to represent any person unable to afford counsel.").

[3] *Miller v. Glanz*, 948 F.2d 1562, 1572 (10th Cir. 1991).

plaintiff has a colorable claim.[4] If the court finds that the plaintiff has a colorable claim, the court should "consider the nature of the factual issues raised in the claims and ability of the plaintiff to investigate the crucial facts."[5] The court should also consider the following factors: (1) the merits of the litigant's claims, (2) the nature of the factual issues raised in the claims, (3) the litigant's ability to present his claims, and (4) the complexity of the legal issues raised by the claims.[6]

After reviewing the allegations of Plaintiffs' Complaint, the Court finds that Plaintiff may have a colorable claim, and the Court is unable to say from the face of the Complaint that Plaintiff's claims lack merit. In short, the Court finds one or more of Plaintiff's claims to have sufficient merit to warrant the appointment of counsel. Moreover, the Court finds that the factual and legal issues raised by this lawsuit are not so simple that a pro se plaintiff such as Mr. Richardson should automatically be deemed capable of investigating the facts of the case and representing himself in this case. In addition, the Court finds that Plaintiff has contacted at least five attorneys regarding representation in this case and that he has been diligent in attempting to secure counsel through his own efforts.

The Court, in its discretion, will therefore grant Plaintiff's request for counsel. A separate Order will be issued naming the counsel to be appointed after the Court has located the appropriate attorney to represent Plaintiff.

---

[4]*Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995) (citations omitted).

[5]*Id.* (citations omitted)

[6]*Id.; Long v. Shillinger*, 927 F.2d 525, 527 (10th Cir. 1991) (citing *Maclin v. Freake*, 650 F.2d 885, 886 (7th Cir. 1981)).

**IT IS THEREFORE ORDERED** that Plaintiff's Motion for Appointment of Counsel (ECF No. 14) is granted, and a separate Order will be issued that names the specific attorney after the Court has located the appropriate attorney to represent Plaintiff.

IT IS SO ORDERED.

Dated in Kansas City, Kansas on this 11th day of April 2011.

s/ David J. Waxse  
David. J. Waxse  
United States Magistrate Judge

cc: All counsel and pro se parties